IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY GROUNDS, et al.,<br><br>    Defendants. | No. C 15-03900 BLF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SVSP prison officials. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

### DISCUSSION

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on or about December 23, 2013, March 20, 2014, March 28, 2014, July 30, 2014, September 29, 2014, October 9, 2014, October 16, 2014, December 18, 2014, and December 22, 2014, Defendants discharged a "toxic chemical spray substance" inside an enclosed building, causing asphyxiation to the inmates exposed thereto, including Plaintiff. (Compl. at 21-32.) Plaintiff claims that Defendants used this chemical "to teach the Plaintiff and other innocent inmates a pre-emptive lesson intended to act as a deterrant [sic] from future bad behavior." (*Id.* at 22.) Plaintiff claims that due to his exposure to the toxic chemical, he has suffered "acute asphyxiation near death trauma, extreme difficult breathing, coughing, choking, running nose, nose bleeding, extremely painful burning eyes, running eyes, blurry vision, difficult swolling, itching burning skin, profuse sweating, excellerated heart beat, among other life threatening asphyxiation injuries; and remained without access to any decontamination relief [sic]." (*Id.* at 23.) Plaintiff names Former Warden Randy Grounds and his successor Warden W. L. Muniz as Defendants, claiming that they "knowingly, complicitly condoned and encouraged" the "policy, practice and pattern of deliberate indifferent omissions and disregard for the safety, health and painful life threatening trauma suffered by the Plaintiff." (Compl. at 9, 33.) Plaintiff claims that Defendants exposed him to cruel and unusual punishment, acted with deliberate indifference towards his health and safety, and violated his right to due process and equal protection by exposing him to "group

punishment." Liberally construed, Plaintiff's first two claims are cognizable under the Eighth Amendment, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (prison officials must take reasonable measures to guarantee the safety of prisoners).

Plaintiff fails to state a due process claim because his allegation that the release of toxic chemicals was intended to be a "group punishment" is conclusory: the facts alleged show that there was an underlying incident which prompted prison officials to use the chemicals. (Compl. at 21-33.) The fact that Plaintiff was exposed to the chemicals as well was a collateral consequence rather than a "punishment," and is appropriately addressed as an Eighth Amendment claim. Plaintiff fails to state an equal protection claim because he fails to show that "innocent inmates" is a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Accordingly, his due process and equal protection claims are DISMISSED.

Plaintiff also names "John Doe Captain of Facility-B," "John Doe Lieutenant of Facility-B," "John Doe Sergeant of Facility-B," and John Doe 1-20 Correction Officers of Facility-B" as Defendants. With respect to these "Doe" Defendants, although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie, 629 F.2d at 642; Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, the Does Defendants are DISMISSED from this action. If, through discovery, Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423–24 (9th Cir. 1990).

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Former Warden Randy Grounds and Warden W. L. Muniz** at **Salinas Valley State Prison**, (P.O. Box 1050, Soledad, CA 93960). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

  5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  8. Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: Oct 28, 2015

BETH LABSON FREEMAN
United States District Judge